UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL HERNANDEZ,<br><br>                          Petitioner,<br><br>v.<br><br>WILLIAM GORE, et al.,<br><br>                         Respondents. | Case No.: 21cv1180 CAB (NLS)<br><br>**ORDER DISMISING CASE WITHOUT PREJUDICE** |

    Petitioner, who is currently detained at the George F. Bailey Detention Facility and is proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and has paid the $5.00 filing fee. (ECF Nos. 1, 1-2.) For the reasons discussed below, the instant habeas action is **DISMISSED** without prejudice.

### **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

    The Petition is first subject to dismissal because Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

    Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he

is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

With respect to the one enumerated claim for relief, Petitioner indicates "Respondents violated [sic] doctrine of 27 CFR 72.11 (commercial crimes defined) and Black Diamond SS Corp. v. Robert Stewart and Sons, 336 US 384 (1948)," and contends "[c]ommercial liability applies." (ECF No. 1 at 6.) Petitioner asserts he "tendered/posted financial instrument/Bonds to settle all outstanding liabilities in relation to all charges as was his right as the Beneficiary to said Securities Properties," that "Respondents were not allowed to keep Beneficiary after bonds posted for settlement," and "Beneficiary assigns the Judge of Court as trustee and instructs the Court to discharge all civil & criminal debt and Set Beneficiary at liberty." (*See id.*) Petitioner indicates the offenses relating to his cases are California Penal Code and Health and Safety Code violations concerning the possession, transportation and/or sale of narcotics/controlled substances, the commission of a felony when on bail or released on recognizance, and ineligibility for probation or suspended sentence due to prior convictions under the Health and Safety Code for possession for sale or sale of substances containing certain levels of methamphetamine. (*See id.* at 2, citing Cal. Health & Safety Code §§ 11379(a), 11351, 11352,[1] Cal. Penal Code §§ 1203.073(b)(2), 12022.1(b), 1210(a).)

---

[1] Petitioner appears to also list one additional section of the California Health and Safety Code on the section of the federal petition form concerning charged offenses, but the cited section does not appear legible. (*See id.* at 2.)

2

Petitioner also indicates that his trial court case numbers are CS 315421, CS 316375, and CS 316980, but he has not completed the portions of the petition form concerning conviction or sentencing dates or length of sentence. (*Id.* at 1-2.) The electronic docket of the San Diego Superior Court, of which the Court takes judicial notice,[2] reflects that these three criminal cases were filed on October 1, 2020, December 24, 2020, and February 9, 2021, respectively. (*See* CS 315421, CS 316375, and CS 316980 at http://courtindex.sdcourt.ca.gov/CISPublic/casesearch, last visited June 30, 2021). Because Petitioner fails to indicate he has been convicted and sentenced, Petitioner fails to allege he is in custody pursuant to the judgment of a state court.

While Petitioner has not invoked the specific grant of habeas jurisdiction for a person in custody pursuant to a state court judgment under section 2254, section 2241 confers on this Court a general grant of habeas jurisdiction for state prisoners who contend they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also id.* § 2241(a). District courts have jurisdiction under section 2241 over federal habeas petitions brought by state court pretrial detainees. *See e.g. McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) ("[B]ecause Petitioner is a pretrial detainee, he is not being held 'pursuant to the judgment of a State court.' Therefore, his claim falls under 28 U.S.C. § 2241."), quoting 28 U.S.C. § 2254. As discussed below, while Petitioner may choose to initiate a new habeas action under § 2241 instead of seeking to proceed under § 2254, a § 2241 action also remains subject to an exhaustion requirement.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

The Petition is also subject to dismissal because Petitioner has not alleged exhaustion of state remedies. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial

---

[2] "[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Ordinarily, to satisfy the exhaustion requirement, a petitioner "'must fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (emphasis added). Petitioner does not allege that he raised his one enumerated claim in the California Supreme Court. (*See e.g.* ECF No. 1 at 6.) If Petitioner has raised his claim in the California Supreme Court he must so specify.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

To the extent Petitioner seeks to proceed under section 2241 rather than section 2254, Petitioner is cautioned that section 2241 also has an exhaustion requirement. *See e.g. Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Laing v. Ashcroft*, 370 F.3d 994, 997-98 (9th Cir. 2004).

Additionally, to the extent Petitioner requests the Court interfere with his ongoing state criminal proceedings, the Court would be compelled to abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45-46; *see*

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") It is presently unclear whether abstention applies or whether section 2254 or section 2241 is the proper vehicle for Petitioner's claim given Petitioner's failure to complete significant sections of the petition form, particularly those concerning conviction date, sentencing date and length of sentence.

## CONCLUSION AND ORDER

For the foregoing reasons, the Petition is **DISMISSED** without prejudice and with leave to amend. If Petitioner wishes to proceed with a habeas action pursuant to section 2254, he must, no later than **August 31, 2021**, file a First Amended Petition that cures the pleading deficiencies outlined in the instant Order. If Petitioner instead seeks to proceed with a habeas action pursuant to section 2241, he must file a new habeas action pursuant to 28 U.S.C. § 2241 which will be given a new civil case number. The Clerk of Court is directed to mail Petitioner a blank Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and a blank Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: July 1, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge